UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| KARENA A. FENG,<br><br>    Petitioner,<br><br>    v.<br><br>COUNTY OF SAN FRANCISCO, et al.,<br><br>    Respondents. | Case No. 19-cv-07228-LB<br><br>**ORDER TO REASSIGN CASE TO A DISTRICT JUDGE; REPORT AND RECOMMENDATION TO DISMISS CASE FOR LACK OF SUBJECT-MATTER JURISDICTION**<br><br>Re: ECF No. 1 |

## INTRODUCTION

Pro se petitioner Karena A. Feng filed a petition for writ of habeas corpus on behalf of her minor children. Ms. Feng has been diagnosed with a mental disorder and was at one point involuntarily placed in a psychiatric ward. Ms. Feng claims that she was placed in this psychiatric ward so that a Department of Family and Child Services ("DCFS") social worker could take her children from her and put them up for adoption or sex trafficking. Ms. Feng filed the petition to have respondents City and County of San Francisco, San Francisco County Superior Court Judge Rochelle East, and San Francisco County social worker Amy Yim release her children from custody.

Ms. Feng, the City and County, and Ms. Yim have consented to magistrate-judge jurisdiction,[1] but Judge East has not appeared or consented to magistrate-judge jurisdiction. This case therefore must be reassigned. The undersigned orders the clerk of court to reassign this case to a district judge. The undersigned recommends that the newly assigned judge dismiss Ms. Feng's petition for lack of subject-matter jurisdiction.

**STATEMENT**

Petitioner Karena Feng was involuntarily placed in a psychiatric ward.[2] A psychiatrist, Dr. Anna Patrowsky, and a DCFS social worker named Hawkinson interviewed Ms. Feng and maintained that Ms. Feng had an unknown kind of psychosis.[3]

Ms. Feng has four minor children.[4] Ms. Feng alleges that two of them — LF and RSF — "were ideal ages for adoption and sex trafficking which are big money makers[.]"[5] In November 2018, another DCFS social worker went to Ms. Feng's house and found her children there with another couple, the Shiangs.[6] Ms. Feng alleges that the DCFS social worker "deliberately arranged the conditions, so when [sic] such conditions looked worse than they really were[.]"[7] According to Ms. Feng, the social worker "then removed her prizes — an Asian baby in high demand for adoption and a 13-year-old girl ideal to medicate in preparation for sex trafficking[.]"[8] Ms. Feng's

---

[1] Feng Consent – ECF No. 5; City and County and Yim Consent – ECF No. 11. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Pet. – ECF No. 1 at 7 (¶ 11).

[3] *Id.* (¶ 13).

[4] Ms. Feng identifies her children by initials and uses different initials throughout her petition. She first refers to them as "LF, KF, EF, and RE," *id.* at 4 (¶ 1), and later refers to them as "LF, KF, EF, and RF," *id.* at 6 (¶ 6), 10 (¶ 25), 12–13 (¶ 32), 21 (¶ 67), and "LF, KF, MF, and RSF," *id.* at 7 (¶¶ 11–12), 9 (¶ 18).

[5] *Id.*

[6] *Id.* at 8 (¶ 15).

[7] *Id.*

[8] *Id.* (¶ 16).

petition is not entirely clearly about what happened to her children next, but it appears to allege that they were placed for a time with foster parents and were mistreated there.[9]

## ANALYSIS

Federal courts have an independent duty to assess whether federal subject-matter jurisdiction exists, whether or not the parties raise the issue. *United Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004); *see also* Rule 4 of the Rules Governing Section 2254 and 2255 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").[10]

The court lacks subject-matter jurisdiction over this case, and Ms. Feng is not entitled to habeas relief. As the Supreme Court has held, there is no federal-court habeas jurisdiction over challenges to parental rights or child custody. *Lehman v. Lycoming Cty. Children's Serv. Agency*, 458 U.S. 502, 515–16 (1982); *accord, e.g.*, *Spell v. Stone*, No. CV 19-5886 JGB(JC), 2019 WL 3766558, at *2 (C.D. Cal. Aug. 8, 2019) (dismissing habeas petition challenging state-court order removing children from parent petitioner because "[t]he termination of parental rights is not sufficient to satisfy Section 2254's 'in custody' requirement") (citing *Lehman*, 458 U.S. at 511–12); *Nemcik v. Contra Costa Super. Ct.*, No. 16-cv-01423-SK, 2016 WL 2643290, at *1 (N.D. Cal. Apr. 26, 2016) (report and recommendation) (dismissing habeas petition challenging state-court order removing children from parent petitioner because "state court judgments concerning child custody matters are beyond the purview of habeas corpus") (citing *Lehman*, 458 U.S. at 515–16), *adopted*, 2016 WL 2622018 (N.D. Cal. May 9, 2016).

---

[9] *Id.* at 12–13 (¶ 32). In addition to this case, Ms. Feng has two other lawsuits pending with respect to the alleged events at issue here: *Feng v. County of Santa Clara*, No. 3:19-cv-06877-LB (N.D. Cal. filed Oct. 22, 2019) and *Feng v. Yim*, No. 3:19-cv-07227-LB (N.D. Cal. filed Oct. 31, 2019). Ms. Feng alleges there that her children have since been placed with the Shiangs and are no longer with other foster parents. *See* Complaint ¶¶ 42, 45–46, *Feng v. County of Santa Clara*, No. 3:19-cv-06877-LB (N.D. Cal. Oct. 22, 2019), ECF No. 1.

[10] Rule 1(b) states, "the district court may apply any or all of these rules to a habeas corpus petition" not brought under Section 2254 or 2255.

Additionally, in any event, "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *accord Spell*, 2019 WL 3766558, at *3 (dismissing habeas petition challenging state-court order removing children from parent petitioner because the children must be the ones to file a petition to release them from "custody" and parent petitioner cannot bring an action on behalf of her minor children without counsel). Ms. Feng, who is proceeding pro se, cannot pursue a habeas petition on behalf of her children to have them released from "custody" without a lawyer.

## CONCLUSION

The undersigned orders the clerk of court to reassign this case to a district judge. The undersigned recommends that the newly assigned district judge dismiss Ms. Feng's petition for writ of habeas corpus for lack of subject-matter jurisdiction.

Any party may serve and file specific written objections to this recommendation within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2); N.D. Cal. Civ. L.R. 72-3. Failure to file written objections within the specified time may waive the right to review of the issue in the district court.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: December 26, 2019

LAUREL BEELER
United States Magistrate Judge